UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN FLOYD VOSS,<br><br>Petitioner,<br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 3:19-cv-00197-MMD-CBC<br><br>ORDER |

This habeas matter filed by Steven Floyd Voss ("Petitioner" or "Voss") comes before the Court for initial review on Voss' motions that he submitted with the petition for appointment of counsel and for leave to file a longer than normal petition (currently at ECF Nos. 1-7, 1-8), and on his motion for reconsideration (ECF No. 5) filed thereafter. The filing fee has been paid.

**I.    MOTION FOR RECONSIDERATION**

In the only order entered herein to date, the Court denied Voss' pauper application and directed that he pay the $5.00 filing fee. The order did nothing else. (ECF No. 3.)

Voss shortly thereafter paid the filing fee, consistent with the Court's prior finding that he had the ability to do so. (ECF No. 4.)

In the motion for reconsideration, Voss urges that the Court did not rule upon his counsel motion and "apparently overlooked the fact that granting of informa [sic] pauper's [sic] status would be essential to a determination by this Court to appoint counsel to assist the now blind [see discussion *infra*] Petitioner . . .." (ECF No. 5 at 2.)

Voss misunderstands the applicable procedure. The denial of the pauper application–based on the pertinent finding that Petitioner was able to pay the $5.00 filing fee–does not preclude a later finding by the Court as to whether Voss is financially eligible

for the appointment of counsel pursuant to 18 U.S.C. § 3006A. A finding that he can pay $5.00 is not a finding that he can afford to retain an attorney.

The motion for reconsideration (ECF No. 5) therefore will be denied. Voss has not established a valid basis for reconsidering the prior order denying the pauper application.

## II. MOTION FOR LEAVE TO FILE A LONGER THAN NORMAL PETITION

Under Local Rule LSR 3-2(b), "there is no page limit with respect to habeas corpus petitions . . . ." Voss' motion for leave to file a longer than normal petition (currently at ECF No. 1-8) therefore will be denied as unnecessary.

## III. COUNSEL MOTION

Following review of the financial materials submitted previously with Voss' pauper application, the Court finds that Voss is financially unable to retain adequate representation for purposes of 18 U.S.C. § 3006A(a).

The Court further finds, on the current record, that appointment of counsel is in the interests of justice given: (a) Voss' sentencing to, *inter alia*, life without the possibility of parole; and (b) the potential complexity of issues pertaining to, *inter alia,* exhaustion, successive petitions, and the federal limitation period following upon a corrected or amended judgment of conviction filed in state district court on or about May 24, 2018.

The Court does not base appointment of counsel—on the current record—on Voss' assertions in his motion for appointment of counsel that such appointment "is necessary due to his present disability of visual impairment," that he has "severe progressive cataracts effecting [sic] both of his eyes," that the cataracts "have rendered him functionally blind," and that he thus "is physically unable to maintain the instant suit without the assistance of counsel." (ECF No. 1-7 at 3.)

The existence of a visual impairment rendering a habeas petitioner functionally blind of course would provide strong support for the appointment of federal habeas counsel. The Court must note, however, that Voss filed an extensive, neatly handwritten 215-page petition in this matter, along with two capably written and presented motions. (ECF Nos. 1-1, 1-2, 1-7, 1-8.) The petition does not reflect that it was researched,

prepared and written by another inmate. (*See* ECF No. 1-2 at 68.) Moreover, the handwriting would appear to be highly similar to the handwriting used in Voss' other multiple also voluminous filings in this Court over the years. (*See, e.g.,* No. 3:11-cv-00160-ECF-RAM, ECF No. 1-3.) The record before this Court—including the reconsideration motion filed only days ago—thus on its face at the very least calls into question Voss' as yet uncorroborated assertion that he currently has been "rendered . . . functionally blind" by a visual impairment.

Given that the Court finds that appointment of counsel is warranted for other reasons, the Court has no occasion, at least at this point, to consider whether Voss' allegation of functional blindness is supported by competent medical evidence notwithstanding the indicia suggesting to the contrary on the face of the record.

Voss should note that federal habeas counsel is not being appointed to act as a mere scrivener to restate and reassert each and every allegation and claim presented by petitioner *pro se.* The Court is not appointing counsel to pursue claims or arguments that, in counsel's independent professional judgment, have no arguable merit in a federal habeas corpus proceeding. Voss thus should not assume that the Court automatically will appoint replacement counsel if he and federal habeas counsel do not agree on what claims or arguments should be presented. Appointed counsel's task is to pursue claims that counsel, in their own independent professional judgment, believes that a court may find meritorious. Counsel thus is under no obligation to "follow petitioner's instructions" as to what claims or arguments to present and how to present them. Therefore, presenting the Court with an alleged conflict between federal habeas counsel and Petitioner based upon a disagreement over how to pursue this case will not necessarily lead to an appointment of replacement counsel. Subject to the circumstances presented at the time, and subject further to any medical evidence in the federal record regarding Voss' near visual acuity, the Court potentially instead could find that the interests of justice no longer warrant the continued appointment of any counsel, based upon the premise that if

///

3

Petitioner has such an allegedly irreconcilable conflict with one competent attorney, the situation is not likely to be different with another competent attorney.

Moreover, the Court will not entertain *pro se* filings from Voss after the grant of his motion for appointment of counsel. Following the appointment of counsel, Voss may pursue this matter and communicate with the Court only through filings by counsel. Repeated disregard of this admonition may result in the Court vacating the appointment of counsel, depending upon the circumstances presented at the time.

## IV. CONCLUSION

It is therefore ordered that Voss' motion for reconsideration (ECF No. 5) is denied.

It is further ordered that the Clerk file the petition.[1]

It is further ordered that the Clerk file the motion for leave to file a longer than normal petition, that the motion is denied as unnecessary, and that the Clerk will reflect this disposition of the motion during docketing of the motion.

It is further ordered that the Clerk file the motion for appointment of counsel, that the motion is granted to the extent consistent with the remaining provisions herein, and that the Clerk will reflect this disposition of the motion during docketing of the motion. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate to the Court the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court then will appoint alternate counsel, subject to the circumstances at the time. A scheduling order will be entered after counsel has entered an appearance. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running

---

[1] The filing of the petition does not signify that the pleading is free of deficiencies. The Court defers any further screening of the pleadings pending a possible filing of an amended petition through counsel.

4

of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered, so that Respondents may be electronically served with any papers filed through counsel, that the Clerk will add state attorney general Aaron Ford as counsel for Respondents and will make informal electronic service of this order upon Respondents by directing a notice of electronic filing to him. Respondents' counsel will enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk: (a) will send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, and the Federal Public Defender; and (b) will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 15th day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5