UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN FLOYD VOSS,<br><br>Petitioner,<br>v.<br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 3:19-cv-00197-MMD-CLB<br><br>ORDER |

This is a habeas corpus matter under 28 U.S.C. § 2254. Petitioner Steven Floyd Voss has filed an unopposed motion for extension of time (second request) (ECF No. 20). Voss asks to be allowed to file his amended petition for a writ of habeas corpus by December 3, 2020—295 days from the current due date—citing the statute of limitations and the need for more time to investigate.

Voss bases his request upon unusual circumstances. In the criminal case at issue, the Second Judicial District Court of the State of Nevada entered a new amended judgment of conviction on May 24, 2018. *State v. Voss*, Case No. CR97-2077.[1] Voss states that he delivered his current federal petition to a prison officer for mailing on April 4, 2019, and the Court received the petition on April 12, 2019. (ECF No. 7 at 1.) This Court appointed counsel provisionally on May 15, 2019. (ECF No. 6 at 4.) In the Nevada Appellate Courts, Voss filed a notice of appeal from an order granting his "motion to correct judgment." On April 29, 2019, the Nevada Court of Appeals initially dismissed the appeal for lack of jurisdiction because the district court's order was not appealable. *State v. Voss*,

///

///

---

[1] https://www.washoecourts.com/Query/CaseInformation/CR97-2077 (report generated February 12, 2020).

Case No. 76211 & 76211-COA (order dismissing appeal).[2] Upon reconsideration, on June 11, 2019, the Nevada Court of Appeals decided that Voss was appealing the new amended judgment of conviction, and that court reinstated the appeal. *Id.* (order denying in part and granting in part a petition for rehearing). On the same day, the Nevada Court of Appeals affirmed the judgment of conviction. *Id.* (order of affirmance). Voss then petitioned the Nevada Supreme Court for review. On September 4, 2019, the Nevada Supreme Court denied review. *Id.* (order denying petition for review). The time to petition the Supreme Court of the United States for a writ of certiorari expired at the end of December 3, 2019. *See* Sup. Ct. R. 13(1). If Voss is correct that under *Smith v. Williams*, 871 F.3d 684, 687–88 (9th Cir. 2017), the new amended judgment of conviction reset the one-year period of limitation of 28 U.S.C. § 2244(d)(1), then that period will expire at the end of December 3, 2020.[3] The one-year period thus would have started around eight months after Voss commenced this action.

Assuming that Voss is correct, the Court agrees that he has shown good cause for an extension of time. However, that extension would mean that the case would sit open, inactive, and without an operative pleading for almost ten months between the date of entry of this order and the due date for the second amended petition. The action itself would be open and without an operative pleading for one year and eight months before the second amended petition is due. Under these circumstances, the Court will grant Voss up to and including December 3, 2020, to file a second amended petition. The Court also will stay the action until Voss is ready to file the second amended petition. When Voss is ready to file the second amended petition, he will need to file a motion to reopen the action along with the second amended petition. The Court does not anticipate any need to extend its deadline to move to reopen the action and to file the second amended petition past

///

---

[2]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=46449&combined=true (report generated February 12, 2020).

[3]This calculation does not account for any properly filed state petitions or motions that would toll the one-year period under 28 U.S.C. § 2244(d)(2).

December 3, 2020, because the expiration of the one-year period under Voss' calculations is a hard deadline that the Court cannot extend absent extraordinary circumstances.

It therefore is ordered that Voss' unopposed motion for extension of time (second request) (ECF No. 20) is granted.

It further is ordered that this action is stayed pending the filing of the second amended petition for a writ of habeas corpus. Voss will have up to and including December 3, 2020, to file a motion to reopen this action and a second amended petition for a writ of habeas corpus. Further, Voss or Respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

It further is ordered that the Clerk of the Court administratively close this action until such time as the Court grants a motion to reopen the action.

DATED THIS 20th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE