UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN FLOYD VOSS, <br><br> Petitioner, <br> v. <br><br> PERRY RUSSELL. *et al.*, <br><br> Respondents. | Case No. 3:19-cv-00197-MMD-CLB <br><br> ORDER |

This is a *habeas corpus* action under 28 U.S.C. § 2254. The Court stayed and closed this action while Petitioner Steven Voss prepared his second amended petition. (ECF No. 21.) Petitioner has now filed a motion to reopen and a second amended petition. (ECF Nos. 22, 23.) Respondents do not oppose the motion to reopen. (ECF No. 29.) The Court will reopen this action and set a briefing schedule.

It is therefore ordered that Petitioner's motion to reopen (ECF No. 22) is granted.

The Clerk of Court is directed to reopen this action and lift the stay.

It is further ordered that Respondents must file a response to the second amended petition (ECF No. 23), including potentially by motion to dismiss, within 60 days of entry of this order and that Petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural

defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

It is further ordered that pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court is directed to substitute Perry Russell for Isidro Baca as Respondent.

DATED THIS 17th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE