# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN FLOYD VOSS,<br><br>　　　　　Petitioner,<br>　v.<br>PERRY RUSSELL, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:19-cv-00197-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

Petitioner Steven Floyd Voss has filed a counseled Third-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 45 ("Third-Amended Petition").) Respondents moved to dismiss the Third-Amended Petition. (ECF No. 78 ("Motion to Dismiss").) In response, Voss moved to strike the motion to dismiss. (ECF No. 81 ("Motion to Strike").) Respondents opposed the Motion to Strike, and Voss replied. (ECF Nos. 82, 84.) For the reasons discussed below, the Court denies the Motion to Strike.

**II.　DISCUSSION**

In their Motion to Dismiss, Respondents argued, in pertinent part, that Voss's "original federal petition is substantially untimely," meaning Voss's "first, second, and third amended petitions . . . [are] also substantially untimely." (ECF No. 78 at 15.) Respondents then state that "[e]ven if Voss believes that any of his original federal petition, first amended petition, or second amended petition were timely, which they were not, he still must show that the claims in the third amended petition relate back to any allegedly timely petition." (*Id.*) In his Motion to Strike, Voss argues that this second statement does not specify which claims Respondents believe do not relate back to a timely petition, meaning it fails to meet the standard for pleading an affirmative defense. (ECF No. 81 at 2.) Voss

elaborates that "any sort of relation back argument . . . would be speculative at best and would require him to divine the basis of Respondents' arguments." (*Id*. at 5.)

Rule 8(c) of the Federal Rules of Civil Procedure provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations." And in stating such an affirmative defense, the party must do so "in short and plain terms." Fed. R. Civ. Pro. 8(b)(1)(a). These rules are meant to give fair notice of the defenses being asserted. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). In compliance with these rules, the Court has historically rejected Respondents' attempts to plead a statute of limitations defense by merely alleging that an amended petition is untimely. Rather, because a statute of limitations defense is subject to a claim-by-claim analysis, Respondents have been required to state which claims in an untimely petition do not relate back to claims in a timely petition.

In their response, Respondents contend that they "have unequivocally asserted that there is *no timely petition* to which the claims in the operative petition could conceivably relate back." (ECF No. 82 at 1 (emphasis in original).) Even if most of Respondents' timeliness argument is about the lack of any timely petition, Respondents do include the single sentence cited above that appears to give an alternative argument about the lack of relation back. However, given that Respondents have clarified that they are not making any relation-back argument and are instead arguing only that all of Voss's petitions are untimely, the Court declines to strike the Motion to Dismiss.

Notably, in his reply to the Motion to Strike, Voss provides that he "will be arguing [that] his second amended petition (ECF No. 23) is timely." (ECF No. 83 at 2 n.5.) Thus, in their reply to the response to the Motion to Dismiss, Respondents, in addition to maintaining that the Second-Amended Petition is untimely, may argue alternatively that Voss's Third-Amended Petition does not relate back to his Second-Amended Petition. Given this procedural posture, a surreply may be necessary.

Voss has also moved for an extension of time to file his response to the Motion to Dismiss, explaining that he is unable to respond until this Court rules on his Motion to

Strike. Because the Court has denied the Motion to Strike, the Court denies the request for an extension as moot.

### III. CONCLUSION

It is therefore ordered that the Motion to Strike (ECF No. 81) is denied.

It is further ordered that Petitioner must file his response to the Motion to Dismiss within 30 days of the date of this Order.

It is further ordered that the Motion for Extension of Time (ECF No. 84) is denied as moot.

It is further ordered that Voss may file a surreply to the reply to the Motion to Dismiss, if needed, within seven days of the reply being filed.

DATED THIS 14th Day of May 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE