UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN FLOYD VOSS,<br><br>　　　　　　Petitioner,<br>　v.<br><br>PERRY RUSSELL, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:19-cv-00197-MMD-CLB<br><br>ORDER |

Petitioner Steven Floyd Voss, a Nevada prisoner, has filed a counseled Third-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 45 ("Third-Amended Petition").) Currently before the Court is Respondents' motion to dismiss the Third-Amended Petition. (ECF No. 78 ("Motion").) Voss opposed the Motion,[1] and Respondents replied. (ECF Nos. 86, 91.) For the reasons discussed below, the Court grants the Motion and dismisses the Third-Amended Petition as untimely.

**I.    BACKGROUND**

　　**A.    State Court Proceedings**[2]

The state court entered a judgment of conviction on July 8, 1998, in case number CR97-2077,[3] convicting Voss of murder with the use of a deadly weapon and first-degree kidnapping. (ECF No. 57-4.) Voss was sentenced to, *inter alia*, life without the possibility of parole. (*Id*.) Voss appealed, and on May 24, 2000, the Nevada Supreme Court vacated in part and affirmed in part, finding that Voss's conviction with respect to the deadly

---

[1]Voss moves for leave to amend his opposition. (ECF No. 92.) The Court finds good cause exists to grant this motion, and the Court considers Voss's amended opposition (ECF No. 92-1) in this Order.

[2]This is not an exhaustive outline of Voss's state court proceedings; Voss has been a prolific litigant in the last 28 years.

[3]Voss has another criminal case (CR96-1581), which is not the subject of this action.

weapon enhancement must be vacated. (ECF No. 57-12.) The state court entered an amended judgment of conviction in accordance with the Nevada Supreme Court's remand on July 13, 2000. (ECF No. 57-18.)

Voss filed a state habeas petition on October 9, 2000. (ECF No. 14-5.) While his petition was pending, on January 30, 2004, the state court entered a corrected amended judgment of conviction to correct a clerical error, eliminating a reference to the deadly weapon statute, dated *nunc pro tunc* to July 13, 2000. (ECF No. 58-35.) On June 5, 2009, the state court denied Voss's habeas petition. (ECF No. 60-10.) Voss appealed, and the Nevada Supreme Court affirmed on September 29, 2010. (ECF No. 47-2.) Remittitur issued on March 29, 2011. (ECF No. 61-16.)

Voss filed a state habeas petition on January 5, 2011. (ECF No. 61-3.) The state court dismissed Voss's petition on February 27, 2013. (ECF No. 62-25.) Voss appealed, and the Nevada Supreme Court affirmed on December 17, 2013. (ECF No. 63-18.) Remittitur issued on June 17, 2014. (ECF No. 63-25.)

Voss moved to correct or modify his judgment of conviction on April 21, 2011. (ECF No. 61-20.) The state court denied the motion as procedurally barred. (ECF No. 61-38.) Voss appealed, and the Nevada Supreme Court affirmed on July 23, 2013. (ECF No. 63-4.) Remittitur issued on December 17, 2013. (ECF No. 63-17.)

Voss filed a state habeas petition on May 1, 2013. (ECF No. 63-3.) The state court denied Voss's petition on August 26, 2014. (ECF No. 63-27.) Voss appealed, and the Nevada Court of Appeals affirmed on March 18, 2015. (ECF No. 64-10.) Remittitur issued on June 17, 2015. (ECF No. 64-15.)

Voss filed a state habeas petition on April 1, 2015. (ECF No. 64-11.) The state court dismissed the petition on February 2, 2016. (ECF No. 64-36.) The Nevada Court of Appeals affirmed on June 21, 2016. (ECF No. 65-22.) Remittitur issued on August 5, 2016. (ECF No. 65-34.)

Voss filed a state habeas petition on March 31, 2017. (ECF No. 66-1.) The state court denied the petition on June 8, 2017. (ECF No. 66-4.) Voss appealed, and the

Nevada Court of Appeals affirmed on January 9, 2018. (ECF No. 67-2.) Remittitur issued on June 6, 2018. (ECF No. 67-31.)

Voss moved to correct his illegal sentence, to correct clerical errors in the record, and to set aside the jury verdict in November 2017. (ECF Nos. 66-20, 66-21, 66-22.) The state court denied the motions on November 30, 2017. (ECF No. 66-32.) Voss appealed, and the Nevada Court of Appeals affirmed in part and dismissed in part on September 11, 2018. (ECF No. 68-23.) Remittitur issued on December 31, 2018. (ECF No. 69-3.)

Voss moved to correct his judgment of conviction on May 3, 2018. (ECF No. 67-26.) The state court granted the motion on May 24, 2018, ordering that the judgment of conviction state that Voss "was convicted of Murder in the First Degree, a violation of NRS 200.010 and NRS 200.030." (ECF No. 67-32.) The state court entered a second corrected amended judgment of conviction on May 24, 2018. (ECF No. 67-33.) Voss appealed his second corrected amended judgment of conviction, and the Nevada Court of Appeals affirmed on June 11, 2019. (ECF No. 27-14.) Remittitur issued on October 9, 2019. (ECF No. 69-23.)

Voss filed a state habeas petition on October 18, 2018. (ECF No. 68-35.) The state court denied the petition on December 5, 2018. (ECF No. 69-1.) Voss appealed, and the Nevada Supreme Court affirmed on October 24, 2019. (ECF No. 69-26.) Remittitur issued on February 21, 2020. (ECF No. 69-37.)

Voss filed a state habeas petition on September 10, 2021. (ECF No. 47-8.) The state court dismissed the petition on February 7, 2023. (ECF No. 47-31.) Voss appealed, and on April 19, 2024, the Nevada Supreme Court affirmed. (ECF No. 47-34.) Remittitur issued on May 14, 2024. (ECF No. 47-35.)

**B.   Federal Court Proceedings[4]**

Voss filed a federal habeas petition in case number 3:15-cv-00183-HDM-VPC. The Court dismissed Voss's petition with prejudice as untimely on September 21, 2016. The

---

[4]This is not an exhaustive outline of Voss's federal court proceedings, as actions that were dismissed without prejudice are not included here.

Court of Appeals for the Ninth Circuit denied Voss a Certificate of Appealability on October 20, 2017.

Voss filed a federal habeas petition in case number 3:16-cv-00660-MMD-WGC. The Court dismissed the petition as being an unauthorized second or successive petition. This Court then denied Voss's motion for relief from the judgment.

Voss commenced this federal habeas action on or about April 12, 2019. (ECF No. 1.) The Court appointed counsel for Voss, and counsel filed a First-Amended Petition and Second-Amended Petition. (ECF Nos. 6, 14, 23.) The Court granted Voss's unopposed motion for a stay while his latest state habeas petition was pending. (ECF Nos. 35, 36, 37.) This matter was temporarily reopened to allow Voss's Third-Amended Petition to be filed. (ECF Nos. 44, 45.) This matter was formally reopened on June 24, 2024. (ECF No. 48.) Voss raises the following grounds in his Third-Amended Petition:

1. There was insufficient evidence presented at trial to support his convictions.

2. His trial counsel was ineffective for failing to investigate an alternate suspect's alibi for the day of the victim's disappearance.

3. His trial counsel was ineffective for failing to request jury instructions for lesser included charges of first-degree murder.

4. His trial counsel was ineffective for failing to challenge the indictment.

5. His trial and appellate counsel was ineffective regarding hearsay testimony which amounted to prior bad acts evidence.

6. His trial counsel was ineffective for failing to object to the admission of human remains as evidence at his trial.

7. His trial counsel failed to move to suppress statements he made to the police and evidence found without a valid search warrant.

8. The prosecution withheld material exculpatory evidence concerning the first-degree kidnapping charge.

9. The prosecutor committed misconduct when he told the jury an alternate suspect had an alibi.

10. The prosecution suppressed exculpatory and material evidence that an alternate suspect lied about an alibi.

(ECF No. 45.)

## II. DISCUSSION

Respondents argue that the Third-Amended Petition is untimely.[5] (ECF No. 78.) The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. R. App. P. 40B. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The AEDPA limitation period is tolled while a properly filed state post-conviction petition or other collateral review is pending. *Id.* But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a postconviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

---

[5]Respondents also argue that (1) Grounds One, Two, Four, Seven(A), Nine, and Ten are unexhausted or unexhausted in part, (2) Grounds Three, Nine, and Ten are procedurally defaulted, and (3) Ground One(A) is moot. (ECF No. 78.) However, given the Court's finding that the Third-Amended Petition is untimely, it need not reach these arguments.

5

Here, Voss did not file a direct appeal of his amended judgment of conviction, so that judgment became final 30 days after it was entered on July 13, 2000. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). Thus, Voss's federal statute of limitations began to run on August 15, 2000, which is the day following the end of the 30-day appeal period. Voss timely filed his state habeas petition on October 9, 2000, tolling the AEDPA clock. As a result, 55 days elapsed between the finality of the judgment and the filing of the state habeas petition. The remaining 310 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Voss's first state habeas petition. Tolling ended on March 29, 2011, when the remittitur issued for the order of affirmance by the Nevada Supreme Court. The AEDPA clock restarted the following day, March 30, 2011, and expired 310 days later, on February 3, 2012.[6] Because Voss's original petition in this action was not transmitted until April 4, 2019 (ECF No. 1-1 at 1), Voss's petition is untimely by over 7 years.

Voss argues that his second corrected amended judgment of conviction, filed on May 24, 2018, is a new intervening judgment, so his federal petition is not untimely. (ECF No. 92-1 at 8.) Voss explains that his second corrected judgment of conviction changed his conviction from open murder to first-degree murder, thus correcting a legal error and resetting his AEDPA clock. (*Id.*) Under this calculation, Voss argues that his Second-Amended Petition is timely and that because his Third-Amended Petition relates back to his Second-Amended Petition, his Third-Amended Petition is timely. (*Id.* at 9, 12.)

---

[6]Although Voss filed numerous motions and other state habeas petitions, they would only toll the federal limitations period if they were properly filed.

      Respondents rebut that Voss's second corrected amended judgment of conviction was not a new, intervening judgment but rather a correction of a clerical error. (ECF No. 91 at 2.) The Court agrees.

      On May 24, 2000, the Nevada Supreme Court vacated in part Voss's judgment of conviction. (ECF No. 57-12.) The Nevada Supreme Court determined that "[b]ecause the jury was given a deadly weapon instruction requiring them to consider the type of knife used and because there was no such evidence presented," the "sentence enhancement for using a deadly weapon cannot stand." (*Id*. at 4.) The Nevada Supreme Court then "vacate[d] Voss's sentence with respect to this issue and remand[ed] to the district court with instructions to enter an amended judgment." (*Id*.) The state court entered an amended judgment of conviction on July 13, 2000. (ECF No. 57-18.)

      On January 30, 2004, the state court entered a corrected amended judgment, explaining that "[u]pon review of the file a clerical error was noticed by the Court wherein NRS 193.165 was erroneously referred to." (ECF No. 58-35 at 2.) Citing NRS 176.565, the state court "correct[ed] its Amended Judgment of Conviction," eliminating the citation of NRS 193.165. (*Id*.) This corrected amended judgment was dated, *nunc pro tunc*, to July 13, 2000. (*Id*. at 3.) On May 24, 2018, the state court found that Voss was "entitled to the filing of a Second Corrected Amended Judgment" to "specify that the underlying charge that the Supreme Court had affirmed was Murder in the First Degree." (ECF No. 67-32 at 4 & n.1.) The state court found that "the Judgment [had not been] properly amended consistent with the Nevada Supreme Court's . . . Order vacating the deadly weapon enhancement." (*Id*. at 3-4.) The state court explained that this was a clerical error and that "[t]he entry of an Amended Judgment of Conviction does not restart the one year statutory time limit for Petitions for Writ of Habeas Corpus." (*Id*. at 3, 4 n.2.) Citing NRS 176.565, the state court "correct[ed] its Corrected Amended Judgment of Conviction," stating that Voss is guilty of "Murder in the First Degree, a violation of NRS 200.010 and NRS 200.030." (ECF No. 67-33 at 2.) This second corrected amended judgment was also

dated, *nunc pro tunc*, to July 13, 2000. (*Id*. at 3.) In affirming Voss's second corrected judgment of conviction, the Nevada Court of Appeals held as follows:

> The district court found Voss' judgment of conviction contained a clerical error because it did not identify whether he had been convicted of first- or second-degree murder. The district court found Voss had been convicted of first-degree murder and the failure of the judgment of conviction to specify the degree of murder amounted to a clerical error. As a result, the district court entered the second corrected amended judgment of conviction, clarifying that Voss had been convicted of first-degree murder.
>
> "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time." NRS 176.565. The record reveals the jury found Voss guilty of first-degree murder and the sentencing court sentenced Voss to serve a prison term for first-degree murder. Because the record demonstrated Voss had been found guilty of first-degree murder, the district court appropriately found failure to include the degree of murder in the judgment of conviction was a clerical error and properly corrected such a clerical error pursuant to NRS 176.565.

(ECF No. 27-14 at 2-3.)

"[T]he statute of limitations must run from the judgment pursuant to which the petitioner is being held." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017). Importantly, when a petitioner receives a new judgment that renders a new, numerically second petition, that new judgment is the one pursuant to which that petitioner is being held. *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010). As such, a new judgment means a restarting of the petitioner's one-year AEDPA statute of limitations. *Smith*, 871 F.3d at 688. "[T]o determine whether a state court action constitutes a new, intervening judgment," the Court "look[s] to state law." *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) (explaining that "the amendment [to the judgment of conviction] removed an invalid basis for incarcerating [the petitioner] and provided a new and valid intervening judgment pursuant to which he was then being held in custody").

Under Nevada law, "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." NRS § 176.565; *see also State v. Clark*, 520 P.2d 1361, 1362-63 (Nev. 1974) ("[W]hen a trial court errs in rendering a judgment and that mistake is one of fact, the trial court can correct its own

mistake."). Similarly, the Ninth Circuit has explained that the correction of a scrivener's error, which "occurs when there is a discrepancy between the court's oral pronouncement of the judgment and the written record of that judgment in the minute order or in the abstract of judgment . . . does not lead to a new judgment because the judgment itself does not change." *Gonzalez*, 873 F.3d at 772. Indeed, "a scrivener's error carries no legal consequences as it is only the record that must be corrected and that record does not contain the actual judgment or the actual sentence to be served." *Id*.

The Court finds that the second corrected judgment of conviction only corrected a scrivener's error in accordance with Nevada law, so Voss's second corrected amended judgment of conviction is not a new intervening judgment of conviction.[7] As such, Voss is not entitled to a restarting of his AEDPA statute of limitations.

Although sentencing Voss to a sentence compatible with first-degree murder, Voss's judgment stated vaguely that he was guilty of murder without specifying the degree of murder. This was erroneous. *See* NRS 176.105(1)(b) (stating that a judgment of conviction must set forth the jury's verdict). However, the Court is not convicted that this error was anything but clerical in nature. *See Smith v. Epperson*, 294 P.2d 362, 363 (Nev. 1956) (defining a clerical error as a "failure to make the written conclusions of law and judgment truly speak the determination which had been made"). Clarifying that Voss was convicted of first-degree murder corrects the written record of his judgment—it does not change the judgment itself. Indeed, the jury found Voss guilty of first-degree murder on June 3, 1998 (ECF No. 56-40), so the second corrected judgment of conviction merely brings Voss's written record of his judgment into alignment with the jury's verdict. Moreover, the state court dated the second corrected amended judgment of conviction *nunc pro tunc* to July 13, 2000. (ECF No. 67-33 at 3.) This supports a finding that the

---

[7]For the reasons discussed in this Order, the Court also finds that Voss's Third-Amended Petition is second or successive, and Voss makes no showing that he sought and received leave from the Court of Appeals for the Ninth Circuit to file such a second or successive petition. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

changes made in the second corrected amended judgment of conviction were only clerical. *See Gonzalez*, 873 F.3d at 773 ("[N]unc pro tunc orders can be used only to correct errors of the scrivener's sort."). Finally, the Nevada appellate court, the final arbiter of Nevada law, found that the second corrected judgment of conviction corrected a clerical error under NRS § 176.565. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[S]tate court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

Voss argues that his actual innocence acts as a gateway to this Court's consideration of his Third-Amended Petition. (ECF No. 92-1 at 27.) AEDPA's one-year limitation period is subject to equitable exceptions "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" after the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error,' the Court may consider the petition on the merits." *Stewart v. Cate*, 757 F.3d 929, 937 (9th Cir. 2014) (quoting *Schlup*, 513 U.S. at 316). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Voss's actual innocence claim is based on a declaration showing that an alternate suspect's alibi was false. (ECF No. 92-1 at 27.) On December 2, 2020, Gary Shawn Lewis

declared the following: (1) he was dating the sister of now deceased Gary Plank, (2) he was not close friends with Plank but spent time with Plank on two occasions, (3) on the first occasion they went hunting in Montana, (4) on the second occasion he visited Plank while he was in the VA hospital in San Francisco, California, and (5) he never went to a pawn shop with Plank and did not recall ever going to a pawn shop while residing in the Reno area. (ECF No. 27-16.) This declaration refutes Plank's statement that he spent the day of the victim's disappearance with Lewis visiting pawn shops. (ECF No. 47-1 at 17.)[8]

A petitioner must "go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997). This means that "[e]vidence that merely undercuts trial testimony or casts doubt on the petitioner's guilt, but does not affirmatively prove innocence, is insufficient to merit relief on a freestanding claim of actual innocence." *Jones v. Taylor*, 763 F.3d 1242, 1251 (9th Cir. 2014). The most that can be said of Lewis's declaration is that it undercuts the evidence regarding Plank presented at trial. Importantly, it does not preclude any possibility of Voss's guilt. Indeed, it is not even tenuously connected to Voss or his inability to have committed the murder. As such, because impeaching the statement of an alternate suspect fails to rise to the level of persuading this Court that no juror, acting reasonably, would have voted to find Voss guilty beyond a reasonable doubt, the Court finds that Voss is not entitled to an actual innocence gateway. *See Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("[L]atter-day evidence brought forward to impeach a

---

[8]Notably, the Nevada Supreme Court considered and rejected Voss's actual innocence argument:

> Given the evidence supporting the verdict, Voss failed to meet the demanding burden of showing that no reasonable juror would have convicted him even if Lewis had impugned Plank's alibi. Voss was seen with a woman matching the victim's description on the day the victim disappeared. Voss possessed and attempted to deposit a check issued to the victim and to cash a forged check from the victim's account immediately after her disappearance. And lastly, Plank had an alibi for later in the evening on the day of the disappearance, which Voss has not alleged could be impeached.

(ECF No. 47-34 at 5.)

prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [a witness's] account of petitioner's actions."); *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002) ("Here, the newly-presented evidence . . . certainly provides a basis for some degree of impeachment of the prosecution's main witnesses. It does not, however, fundamentally call into question the reliability of Sistrunk's conviction.").

In sum, the Court dismisses the Third-Amended Petition because (1) it is untimely and (2) Voss's actual innocence gateway argument lacks merit.[9]

### III.  CONCLUSION

It is therefore ordered that the motion to dismiss (ECF No. 78) is granted. The Third-Amended Petition (ECF No. 45) is dismissed with prejudice as untimely.

It is further ordered that the motion for leave to file an amended opposition (ECF No. 92) is granted.

It is further ordered that the motion for extension of time (ECF No. 93) is denied as moot.

It is further ordered that a Certificate of Appealability is denied as reasonable jurists would not find dismissal of the Third-Amended Petition for the reasons stated in this Order to be debatable or wrong.

It is further kindly ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 27th Day of August 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[9] In deciding Voss's motion to strike Respondents' motion to dismiss, the Court noted that a surreply may be necessary regarding relation-back arguments. (ECF No. 85 at 2.) Given that the Court finds that the Third-Amended Petition is untimely, any relation-back discussion is moot, so a surreply is unnecessary.